IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DALIX M. JIMÉNEZ-GONZÁLEZ, et. al.,

Plaintiffs,

v.

ZOIMÉ ÁLVAREZ RUBIO, et. al.,

Defendants.

CIVIL NO.: 09-1656 (MEL)

OPINION AND ORDER

Pending before the court is a motion for seeking reconsideration of this court's opinion and order of November 18, 2011, which granted summary judgment to all defendants as to the First Amendment political discrimination claims of plaintiffs Julio Rodríguez Méndez, David Rivera Arce, Edwin Valentín Hernández, Elvin Díaz Afanador, who alleged that their temporary employment contracts with the State Insurance Fund ("SIFC") were not renewed due to discrimination.[1]

A motion for reconsideration is proper if it seeks to correct manifest errors of law, present newly discovered evidence, or when there is an intervening change in law. See Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir. 2008); see also Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir. 1994) (citing F.D.I.C. v. World University, Inc., 978 F.2d 10, 16 (1st Cir. 1992). Such motions cannot be used to re-litigate matters already decided by the court. See Standard Quimica de Venezuela v. Central Hispano Int'l, Inc., 189 F.R.D. 202 n.4 (D.P.R. 1999). Similarly, "[a] motion for reconsideration does not provide a vehicle for a party to undo

---

[1] Eleven plaintiffs originally filed the complaint against defendants. Docket No. 1. Six of those original plaintiffs were dismissed on February 8, 2009, when defendants' motion to dismiss was granted. Docket Nos. 40, 41. The seventh of those original plaintiffs voluntarily dismissed her claims against all defendants on August 31, 2011. Docket No. 108.

its own procedural failures and it certainly does not allow a party to introduce new evidence or advance new arguments that could or should have been presented to the district court prior to judgment." Marks 3 Zet-Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006). Accordingly, a request for reconsideration will be denied if it simply brings a point of disagreement between the court and the litigant, or reargues matters already properly disposed of by the court. See Burgos Salgado v. Municipal Gov't of Ciales, Civil No. 10-1425 (DRD), 2011 WL 721908, at *1 (D.P.R. Feb. 23, 2011) (citation omitted). Because plaintiffs' arguments fall mostly into the latter category, their request for reconsideration is denied.

The bulk of the motion is devoted to arguing that the evidence plaintiffs' presented was sufficient to establish each element of their respective prima facie political discrimination cases. See Docket No. 133, pp. 4-17. However, plaintiffs make no specific arguments as to which pieces of evidence they claim the court did not consider and how said evidence, if taken into account, would have precluded summary judgment. Rather, plaintiffs merely recite the legal standards for a political discrimination case and then appear to have copied much of the statement of facts used in their opposition to the summary judgment motion. This does not provide any basis for the court to reconsider its prior opinion.

Additionally, plaintiffs misconstrue the record when they claim that the court "recognized that Defendants admitted that Plaintiffs are members of the [Popular Democratic Party]." Docket No. 133, p. 9. Plaintiffs refer to this court's citation of defendants' proposed uncontested fact indicating that "plaintiffs state that they are and were at all times relevant to the instant complaint affiliated to the Popular Democratic Party." Docket No. 126, pp. 3-4 (citing Docket No. 93, ¶ 28). Yet the very next paragraph of defendants' statement facts indicates that none of the defendants knew any of the plaintiffs' political affiliation prior to being sued by them nor did

they know of any of their political activities. Docket No. 93, ¶ 29. These facts therefore add nothing to plaintiffs' political discrimination case because it in no way shows that defendants knew anything about plaintiffs' political affiliation prior to the adverse employment action complained of. To the contrary, it blatantly states that defendants did *not* know plaintiffs' political affiliation or even who they were prior to being served with the complaint in the instant case. See id.

Next, plaintiffs argue that that court erred in applying a "strict standard" to their prima facie case because it did not hold defendants, who held supervisory positions in the SIFC, liable for the politically discriminatory remarks of their subordinates. As an initial matter, plaintiffs' argument that defendants "acted negligently by their omission in permitting said discriminatory actions," misapprehends the appropriate standard for supervisory liability under 42 U.S.C. § 1983 ("Section 1983"). It is well-settled that there is no vicarious liability under Section 1983; rather, a plaintiff must show that each defendant's own actions played a role in the alleged constitutional violation. See López Sánchez v. Vergara Agostini, 359 F. Supp. 2d 48, 52 (D.P.R. 2005); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) ("In a § 1983 suit . . . masters do not answer for the torts of their servants . . . each Government official . . . is only liable for his or her own misconduct."). Therefore, a supervisor may only be held liable for the conduct of her subordinates if the supervisor's acts or omissions are so "affirmatively linked to the [subordinate's] behavior so that it could be characterized as supervisory encouragement, condonation or acquiescence or gross negligence amounting to deliberate indifference." Ramírez Lluveras v. Pagán Cruz, 833 F. Supp. 2d 151, 158 (D.P.R. 2011). Plaintiffs alleged that various SIFC co-workers, some identified only by their first names, made anti-PDP remarks to them, but, with the exception of one of the defendants, Michael Quiñones Irizarry ("Quiñones Irizarry"),

provided no evidence linking these comments to defendants.  They did not show that defendants knew of these comments or that they were so pervasive that defendants would have known about them but for willful blindness.  Nor did cite any evidence on the record indicating that defendants created, encouraged, or actively tolerated a politically discriminatory environment within the SIFC or that they established discriminatory policies at the agency.  Therefore, plaintiffs provided no evidence that defendants, by their own actions, discriminated against them or encouraged, acquiesced, or tolerated discrimination by others.  Accordingly, this contention must be rejected.

In the same section regarding their prima facie case, plaintiffs harp on the evidence of discrimination that they had presented as to defendant Quiñones Irizarry, but this is irrelevant as the court found that two of the plaintiffs did in fact establish a prima facie case as to Quiñones Irizarry.  That claim eventually failed, however, because of defendants' Mt. Healthy defense, which is the subject of plaintiffs' next contention

Plaintiffs argue that the court should reconsider its determination that defendants were entitled to the defense set forth in Mount Healthy City School District Board of Education v. Doyle, 429 U.S. 274 (1977), because they had articulated a legitimate, non-discriminatory reason for the nonrenewal of plaintiffs' temporary employment contracts; namely, that the governor's fiscal austerity plan prohibited the renewal of temporary employees' contracts, except with special permission. Docket No. 126, p. 20.  Again, plaintiffs merely rehash the evidence they submitted to oppose the summary judgment motion, which is, once again, unsuccessful.  As discussed in the previous opinion and order, plaintiffs did not meet their burden to rebut defendants' Mt. Healthy defense by showing that it was a mere pretext for discrimination.  See Tex. Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981) (explaining that the

plaintiffs' burden when rebutting a defendant's Mt. Healthy defense is one of persuasion, not merely production). Here, plaintiffs presented no admissible evidence showing that any other temporary employees were treated differently or that they were replaced by members of the opposing political parties. In other words, they did not show that the apparently neutral fiscal plan was used as a "discriminatory tool." See Padilla García v. Guillermo Rodríguez, 212 F.3d 69, 77-78 (1st Cir. 2000).

Finally, plaintiffs complain that the court did not discuss whether or not the State Insurance Fund, as a public corporation, remains as a defendant in the case. Indeed, this issue was not discussed, and for good reason. Plaintiffs did not sue the SIFC. See Docket Nos. 1, 64. Accordingly, this contention is meritless.

For the foregoing reasons, the motion for reconsideration filed at Docket No. 133 is hereby DENIED.

IT IS SO ORDERED

In San Juan, Puerto Rico, this 21st day of September, 2012.

s/Marcos E. López  
U.S. Magistrate Judge