IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DÁLIX M. JIMÉNEZ GONZÁLEZ, et. al., <br><br> Plaintiffs, <br><br> v. <br><br> ZOIMÉ ÁLVAREZ RUBIO, et. al., <br><br> Defendants. | CIVIL NO.: 09-1656 (MEL) |

**OPINION AND ORDER**

Pending before the court is a motion for reconsideration of this court's opinion and order of February 8, 2010 (Docket No. 40), filed by former plaintiffs Dálix Jiménez González, Raúl Méndez Méndez, Diego Aldebol Vargas, Andrés Pérez Santos, and Irene Iturrino Negrón on January 10, 2012. Docket No. 136. The motion is made pursuant to Federal Rule of Civil Procedure 59(e), which allows a motion to alter or amend a judgment to be filed no later than twenty-eight days after the entry of judgment. Partial judgment on the aforementioned former plaintiffs' claims was entered on February 9, 2010, the day after the opinion and order that granted defendants' motion to dismiss as to all of their claims. Docket No. 41. Accordingly, the motion for reconsideration is untimely and shall be denied.

The movants claim that the final judgment entered on December 13, 2011 "includes the dismissal of the instant plaintiffs." Docket No. 136 at p. 1; see Docket No. 127. This contention is erroneous. The December 13, 2011 judgment was entered after the court had granted defendants' motion for summary judgment on November 18, 2011. That motion had requested summary judgment on the remaining claims of the plaintiffs that had remained in the action after

the motion to dismiss was granted on February 8, 2010. Docket No. 126.[1] Therefore, the judgment entered pursuant to that opinion and order referred only to those plaintiffs.

When the February 2010 motion to dismiss was granted, and partial judgment entered as to the above-named former plaintiffs, they ceased to be parties to this case. Of course, once a plaintiff is dismissed from a case, she is no longer a plaintiff. Indeed the court's docket reflects that the above-named movants were terminated on February 9, 2010, the day that judgment was entered as to all of their claims. Therefore, when judgment was entered on December 13, 2011 dismissing "all plaintiffs' causes of action," that language clearly referred only to those individuals who were, at that time, plaintiffs in the case. Obviously, this did not include movants as they had ceased to be plaintiffs nearly two years earlier. Movants had their opportunity to challenge the court's dismissal of their claims when they filed their first motion for reconsideration of the February 2010 opinion and order on the motion to dismiss. See Docket No. 45. That motion was denied and the instant motion is an unjustified attempt to re-litigate the same arguments for a third time. Accordingly, the pending motion for reconsideration is DENIED.

IT IS SO ORDERED

In San Juan, Puerto Rico, this 21st day of September, 2012.

s/Marcos E. López  
U.S. Magistrate Judge

---

[1] Those plaintiffs were Julio Rodríguez Méndez, David Rivera Arce, Edwin Valentín Hernández, Elvin Díaz Afanador, and Linette Rivera Alicea. See Docket No. 40. On August 31, 2011, however, Linette Rivera Alicea moved to voluntarily dismiss her claims against all defendants. Docket No. 108.